UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMETT JAMES HARRIS,<br><br>             Plaintiff,<br><br>      v.<br><br>J. SINGER and DR. METTS,<br><br>             Defendants. | No.  1:20-cv-01521-NONE-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S CLAIM AGAINST DEFENDANT METTS FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS PROCEED PAST SCREENING AND ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED<br><br>(ECF No. 11)<br><br>TWENTY-ONE DAY DEADLINE |

Plaintiff Emmett James Harris ("Plaintiff") is a state inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 29, 2020. (ECF No. 1). The Court screened that complaint and found Plaintiff stated one cognizable claim but failed to state any others. (ECF No. 8). Plaintiff filed a first amended complaint on November 30, 2020, which brings claims concerning his being shot in the eye and subsequent medical treatment. (ECF No. 11). The first amended complaint is before the Court for screening.

The Court has reviewed the first amended complaint and finds for screening purposes that it states cognizable claims against Defendant Metts for deliberate indifference to serious medical needs in violation of the Eighth Amendment and that it fails to state any other claims.

1

Plaintiff has twenty-one (21) days from the date of service of these findings and recommendations to file his objections.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the inmate has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis*, the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

## II. ALLEGATIONS IN THE FIRST AMENDED COMPLAINT

Plaintiff's first amended complaint alleges as follows:

2

On January 5, 2020, Plaintiff was on the Facility C yard for recreational program. There was an incident of "mutual combat," which Plaintiff did not participate in. Plaintiff was shot in the left eye by Defendant J. Singer, a correctional officer. Correctional officers are trained not to shoot in the face. Singer subsequently apologized and said he did not intend to shoot Plaintiff in the face.

Plaintiff was seen by Defendant Dr. Metts on the day of the shooting. He was not taken to a bone specialist outside of the prison until February. And even then, Plaintiff's appointment was canceled because Defendant Metts, who is responsible for medical care in the C yard and arranging special medical care and appointments outside the prison, failed to send various medical records to the specialist. Plaintiff's appointment was never rescheduled, despite Plaintiff's requests for additional medical attention.

On March 10, 2020, Plaintiff went to an outside eye doctor. The doctor informed Plaintiff that Plaintiff lost the vision in his left eye.

Plaintiff has not received a follow-up or response from the medical department at the prison. Medical personnel refuse to comply with orders from outside specialists. Not providing Plaintiff with prompt treatment risks permanent damage.

### III.    SECTION 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also Chapman v. Houston Welfare Rights Org*., 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or

promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

## IV.   ANALYSIS OF PLAINTIFF'S CLAIMS

### A.   Excessive Force

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not… use excessive physical force against prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is… whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

When determining whether the force was excessive, the court looks to the "extent of injury suffered by an inmate…, the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7 (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). While *de minimis* uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Hudson*, 503 U.S. at 9.

Plaintiff alleges Defendant Singer shot him in the eye in connection with a prison fight that Plaintiff was not involved in. Plaintiff also alleges that he has lost vision in his left eye. In its first screening order, the Court informed Plaintiff that he did not provide sufficient details to

show that Defendant Singer shot him maliciously and sadistically to cause harm:

> However, he has not provided any additional details concerning whether the force was applied in a good-faith effort to maintain or restore discipline or not. For instance, Plaintiff has not alleged what occurred prior to Defendant Singer's actions or any facts to determine why Defendant Singer shot Plaintiff. Moreover, Plaintiff alleges that Defendant Singer apologized and explained that he did not mean to shoot Plaintiff in the face. This fact indicates that Defendant Singer did not shoot Plaintiff to maliciously and sadistically cause harm.

(ECF No. 8 at 5).

In the first amended complaint, Plaintiff does not add any allegations related to why Defendant Singer shot Plaintiff. Plaintiff continues to allege that Defendant Singer apologized and explained that he did not mean to shoot Plaintiff in the face. Although Plaintiff alleges that he was not part of the fight, this fact alone does not establish that Defendant Singer acted in a malicious and sadistic manner.

To the extent Plaintiff alleges that violating prison regulations concerning use of force violates Plaintiff's Eighth Amendment rights, "a violation of a prison regulation or policy is not a per se constitutional violation." *Brown v. Galvin*, No. 2:16-CV-2629-JAM-DB (PC), 2017 WL 6611501, at *3 (E.D. Cal. Dec. 27, 2017); *accord Hilson v. Arnett*, 2017 WL 6209390, at *9 (E.D. Cal. Dec. 8, 2017) (same); *Case v. Kitsap Cty. Sheriff's Dep't*, 249 F.3d 921, 930 (9th Cir. 2001) ("There is no § 1983 liability for violating prison policy." (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). Therefore, that the shooting may have violated prison policy does not establish a constitutional violation.

### B.     Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations

6

marks omitted), *overruled on other grounds by WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (*en banc*)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted). With respect to denial of access of medical care, the Ninth Circuit has held as follows:

> Under the Eighth Amendment's standard of deliberate indifference, a person is liable for denying a prisoner needed medical care only if the person "knows of and disregards an excessive risk to inmate health and safety." *Farmer,* 511 U.S. at 837, 114 S.Ct. 1970. In order to know of the excessive risk, it is not enough that the person merely "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, [ ] he must also draw that inference." *Id.* . . . [I]f a person is aware of a substantial risk of serious harm, a person may be liable for neglecting a prisoner's serious medical needs on the basis of either his action or his inaction. *Farmer,* 511 U.S. at 842, 114 S.Ct. 1970.

*Gibson v. Cty. of Washoe, Nev.*, 290 F.3d 1175, 1187–88 (9th Cir. 2002) (footnote omitted), *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016).

Here, being shot in the eye resulting in blindness is a serious medical condition. Plaintiff alleges that Defendant Metts knew of the risk because Plaintiff alleges that Defendant Metts was responsible for setting appointments with outside doctors and Plaintiff has been scheduled at least twice to see outside doctors. Reading Plaintiff's complaint liberally, Plaintiff also alleges outside doctors have recommended he receive additional care that he has not been provided. He further alleges one of his appointments was canceled, and never rescheduled, due to the doctors not

receiving his medical records. Based on these allegations, the Court finds that Plaintiff has stated a claim for deliberate indifference to medical needs against Defendant Metts for screening purposes.

## V. RECOMMENDATION AND ORDER

The Court has screened Plaintiff's first amended complaint and finds that it states cognizable claims against Defendant Metts for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment and fails to state any other claims.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This case proceed on Plaintiff's claims against Defendant Metts for deliberate indifference to serious medical needs in violation of the Eighth Amendment; and
2. All other claims and defendants in Plaintiff's First Amended Complaint be dismissed, with prejudice.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 3, 2020**          /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE