UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMETT JAMES HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>J. SINGER, *et al.*,<br><br>    Defendants. | No.  1:20-cv-01521-NONE-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S CLAIM AGAINST DEFENDANT METTS FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS PROCEED AND ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED<br><br>(Doc. No. 12) |

Plaintiff Emmett James Harris is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on plaintiff's first amended complaint against defendants Singer and Metts in connection with him being shot in the eye and his subsequent medical treatment.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 3, 2020, the assigned magistrate judge issued findings and recommendations recommending that this case proceed on plaintiff's claims against defendant Metts for deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment and all other claims and defendants be dismissed with prejudice.  (Doc. No. 12.)  Those findings and recommendations were served on plaintiff and contained notice that any

/////

1

1  objections thereto were to be filed within twenty-one (21) days after service.  (*Id.* at 8.)  Plaintiff
2  filed objections on December 30, 2020.  (Doc. No. 14.)

3  Plaintiff objects to the dismissal of his claim against defendant Singer for use of excessive
4  force in violation of the Eighth Amendment "on the grounds of unfairly prejudicial and lack of
5  personal knowledge inside defendant J. Singer[']s mind at the time of his causation of serious
6  irreparable damage to the plaintiff at the moment."  (*Id.* at 1.)  Plaintiff's objections in this regard
7  raise two contentions, the first being that defendant Singer submitted an incident report in which
8  he "alleged to have aimed at the plaintiff[']s lower torso (hip), only to end up shooting him in the
9  face, warranting his actions as malicious and sadistic."  (*Id.* at 2.)  However, such an allegation
10  does not automatically support the conclusion that defendant Singer's actions were taken
11  maliciously and sadistically, especially in light of plaintiff's allegation that defendant Singer
12  apologized and explained that he did not mean to shoot plaintiff in the face.  (*See* Doc. No. 11 at
13  4; Doc. No. 12 at 5–6.)  Second, plaintiff asserts that defendant Singer "was issued from superiors
14  a serious bodily injury reprimand, for his actions, which caused irreparable harm to the plaintiff,"
15  (Doc. No. 14 at 2), but as explained by the assigned magistrate judge, "a violation of a prison
16  regulation or policy is not a per se constitutional violation." (Doc. No. 12 at 6 (quoting *Brown v.*
17  *Galvin*, No. 2:16-CV-2629-JAM-DB (PC), 2017 WL 6611501, at *3 (E.D. Cal. Dec. 27, 2017)).)

18  Ultimately, the assigned magistrate judge noted in both the first screening order and the
19  pending findings and recommendations that plaintiff does not provide any allegations as to why
20  defendant Singer shot plaintiff. (Doc. No. 8 at 5–6; Doc. No. 12 at 5–6.)  The first amended
21  complaint essentially alleges three things in support of plaintiff's excessive use of force claim:
22  (1) while plaintiff was on the Facility C yard for recreational programming on January 5, 2020,
23  there was an incident of "mutual combat" but plaintiff did not participate in it; (2) plaintiff was
24  shot in the left eye by defendant Singer; and (3) defendant Singer apologized to plaintiff on July
25  8, 2020, saying that he did not mean to shoot plaintiff in the face.  (Doc. No. 11 at 3–4.)  Plaintiff
26  was given an opportunity to amend his original complaint to include additional factual
27  allegations, such as what occurred prior to defendant Singer's actions or why he shot plaintiff, but
28  plaintiff failed to do so.

2

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the magistrate judge's findings and recommendations are supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on December 3, 2020 (Doc. No. 12), are adopted in full;
2. This case shall proceed on plaintiff's claims against defendant Metts for deliberate indifference to serious medical needs in violation of the Eighth Amendment;
3. All other claims and defendants in plaintiff's first amended complaint are dismissed with prejudice; and
4. This case is referred back to the assigned magistrate judge for further proceedings consistent herewith.

IT IS SO ORDERED.

Dated: **February 18, 2021**

UNITED STATES DISTRICT JUDGE

3