UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMETT JAMES HARRIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>METTS,<br><br>　　　　Defendant. | Case No. 1:20-cv-01521-NONE-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 24) |

　　　　Emmett James Harris ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　　On April 12, 2021, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 24). Plaintiff asks for appointed counsel because: his "prisoner helper" who helped draft his complaint has been transferred; he has "absolutely no education" and "cannot read except for the basic common words," rendering him "functional[ly] illiterate;" his case has merit as it has proceeded past screening; the law is complicated; and Plaintiff cannot articulate claims or prepare and present legal documents. (*Id.* at 2-3). Plaintiff's motion was co-signed by Leon Davis, a "Temporary Assistant." (*Id.* at 3). Plaintiff also argues that his injuries (being shot in the eye) were severe and Defendant Metts's deliberate indifference to Plaintiff's serious medical needs exacerbated his injuries. (*Id.* at 4).

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. The legal issues are not complex. Although the case has proceeded past screening, the Court cannot tell at this time whether Plaintiff will have success on the merits. Plaintiff has so far been able to find a temporary assistant.  Moreover, Plaintiff has been able to litigate his case, as shown by his request for an interlocutory appeal. Finally, if Plaintiff needs additional time because of his illiteracy, the Court can take that into account when scheduling the case. Thus, Plaintiff's case is not so exceptional as to merit the appointment of counsel at this time.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel (ECF No. 24) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **April 15, 2021**                    /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE