UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMETT JAMES HARRIS,<br><br>   Plaintiff,<br><br>   v.<br><br>DR. METTS,<br><br>   Defendant. | Case No.   1:20-cv-01521-NONE-EPG (PC)<br><br>ORDER GRANTING, IN PART, EXTENSION OF TIME TO PROVIDE DOCUMENTS<br><br>(ECF No. 36) |

On March 23, 2021, this Court ordered the parties to produce certain documents no later than fourteen days after the date of service of the order setting the settlement conference. (ECF No. 23). On May 20, 2021, the Court set a settlement conference before Magistrate Judge Sheila K. Oberto for August 31, 2021, making the production of documents by Defendant due no later June 3, 2021. (ECF No. 31).

However, due to defense counsel's "oversight," Defendant did not serve the required documents until July 19, 2021, and now has now filed a request for a *nunc pro tunc* extension of time to provide the documents. (ECF No. 36, p. 1). Because "[a] request for a court order must be made by motion," the Court construes the request as a motion. Fed. R. Civ. P. 7(b)(1).

Because Defendant has already served the documents sufficiently in advance of the August 31, 2021 settlement conference, the Court sees no basis to conclude that Plaintiff will be prejudiced by the late production and thus will grant the motion, in part, to the extent that it seeks an extension of the original deadline to July 19, 2021.

The Court denies the motion to the extent that it seeks a *nunc pro tunc* order.

Federal courts may issue *nunc pro tunc* orders, or "now for then" orders, Black's Law Dictionary, at 1287, to "reflect[ *701 ] the reality" of what has already occurred, *Missouri v. Jenkins*, 495 U.S. 33, 49, 110 S.Ct. 1651, 109 L.Ed.2d 31 (1990). "Such a decree presupposes a decree allowed, or ordered, but not entered, through inadvertence of the court." *Cuebas y Arredondo v. Cuebas y Arredondo*, 223 U.S. 376, 390, 32 S.Ct. 277, 56 L.Ed. 476 (1912).

Put colorfully, "[n]unc pro tunc orders are not some Orwellian vehicle for revisionist history—creating 'facts' that never occurred in fact." *United States v. Gillespie*, 666 F.Supp. 1137, 1139 (N.D. Ill. 1987).

*Roman Cath. Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 140 S.Ct. 696, 700-01 (2020). Here, Defendant admittingly did not serve the documents by the original deadline; thus, the Court cannot enter an order approving compliance with a deadline that was in fact missed. *See In re Kroeger Properties & Dev., Inc.*, 57 B.R. 821, 822 (B.A.P. 9th Cir. 1986) ("The Panel notes that the use of *nunc pro tunc* orders to grant retroactive effect to untimely applications is an expansion of the limited role previously assigned to this device. Traditionally that Latin phrase was merely descriptive of the inherent power of any court to make its records speak the truth—to record that which was actually done but omitted to be recorded."). Rather, the Court may, as it does here, grant an extension of a deadline that has expired. *See* Fed. R. Civ. P. 6(b)(1)(B).

Accordingly, IT IS ORDERED that Defendant's motion for extension of time (ECF No. 36) to produce the documents specified in the Court's March 23, 2021 order is granted, in part, to the extent that Defendant seeks an extension until July 19, 2021, to produce the documents. The motion is denied, in part, to the extent that it seeks a *nunc pro tunc* order.

IT IS SO ORDERED.

Dated:   **July 22, 2021**                              /s/ Erica P. Grosjean
                                                        UNITED STATES MAGISTRATE JUDGE