UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMETT JAMES HARRIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DR. METTS,<br><br>　　　　Defendant. | Case No. 1:20-cv-01521-NONE-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO PROSECUTE AND COMPLY WITH THE COURT'S ORDERS<br><br>(ECF Nos. 41, 43)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

　　　　Plaintiff Emmett James Harris is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Because Plaintiff has failed to prosecute this case and comply with the Court's orders, the Court recommends dismissal of this case without prejudice.

**I.　BACKGROUND**

　　　　Plaintiff filed suit on October 29, 2020, against J. Singer, a correctional officer, and Dr. Metts, alleging excessive force and deliberate indifference to his medical needs. (ECF No. 1, pp. 1, 3). The Court screened the complaint on November 4, 2020, and concluded that Plaintiff stated a claim for deliberate indifference to medical needs against Defendant Metts. (ECF No. 8). Plaintiff filed an amended complaint on November 30, 2020, again alleging excessive force and deliberate indifference to his medical needs. (ECF No. 11). This Court issued findings and

recommendations on December 3, 2020, concluding that Plaintiff stated only a claim for deliberate indifference to medical needs against Defendant Metts. (ECF No. 12). The district judge adopted the findings and recommendations on February 18, 2021, over Plaintiff's objections. (ECF No. 15; *see* ECF No. 14).

## II.     ORDERS FOR SCHEDULING AND DISCOVERY STATEMENT

On August 10, 2021, the Court entered an order requiring the parties to file statements regarding scheduling and discovery within thirty days of service of the order. (ECF No. 41). The statements were to identify information helpful for discovery and the scheduling of the case, such as the parties' claims and/or defenses, the description and location of documents that may be used at trial, and the names and phone numbers of potential witnesses. (*Id.*). On September 8, 2021, Defendant filed a scheduling and discovery statement. (ECF No. 42). Plaintiff did not file his statement by the deadline or request an extension of time to do so.

Accordingly, on September 22, 2021, the Court *sua sponte* entered an order granting Plaintiff 21 additional days from the date of service of the order to file his statement. (ECF No. 43). The Court noted that, "if Plaintiff fails to file his statement within this twenty-one-day period, the Court may issue findings and recommendations to the assigned district judge, recommending that this action be dismissed, without prejudice, for failure to prosecute and failure to comply with court order." (*Id.* at 1). The 21-day period for Plaintiff to file his statement has now passed without Plaintiff filing a statement or any request for extension of time to file one.

Notably, the last filing in this case by Plaintiff was his June 8, 2021 change of address, in which he informed the Court that he is no longer incarcerated. (ECF No. 33).

## III.    ANALYSIS

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

1 "The public's interest in expeditious resolution of litigation always favors dismissal." *Id.*
2 (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this
3 factor weighs in favor of dismissal.

4 As to the Court's need to manage its docket, "[t]he trial judge is in the best position to
5 determine whether the delay in a particular case interferes with docket management and the
6 public interest." *Id.* Here, Plaintiff's failure to file a scheduling and discovery statement as
7 required by the Court's orders (ECF Nos. 41, 243 and otherwise prosecute this action is delaying
8 the case. Specifically, the statement is an important document for the Court to reference
9 throughout the course of litigation in order to understand how the parties' view their claims and
10 defenses. Moreover, Plaintiff's failure to file his statement has delayed this Court's ability to
11 issue a scheduling order. And without being able to issue a scheduling order, this case is stalled
12 from progressing further with discovery and other case-related deadlines. Also notable is that
13 Plaintiff has not filed anything since June 8, 2021, when he notified the Court of his new address
14 after he released from custody. (*See* ECF No. 33). Therefore, the second factor weighs in favor of
15 dismissal.

16 Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in
17 and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay
18 inherently increases the risk that witnesses' memories will fade and evidence will become stale,"
19 *id.* at 643, and it is Plaintiff's failure to prosecute this case and comply with the Court's orders
20 that is causing delay and preventing this case from progressing. Therefore, the third factor
21 weighs in favor of dismissal.

22 As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute
23 this action and fails to comply with the Court's orders, despite being warned of possible
24 dismissal, there is little available to the Court which would constitute a satisfactory lesser
25 sanction while protecting the Court from further unnecessary expenditure of its scarce resources.
26 Monetary sanctions are of little use, considering Plaintiff's *in forma pauperis* status. And given
27 the stage of these proceedings, the preclusion of evidence or witnesses is not available.
28 Additionally, because the dismissal being considered in this case is without prejudice, the Court is

stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

### IV.     CONCLUSION AND RECOMMENDATIONS

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to prosecute and comply with the Court's orders; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

IT IS SO ORDERED.

Dated:   **October 22, 2021**              /s/ Erica P. Grosjean
                                                    UNITED STATES MAGISTRATE JUDGE

4